IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff, § | CASE NO. 10-60015-CR-COHN |
| vs. § | |
| ROBERTO SETTINERI, § | |
| Defendant. § | |

## DEFENDANT SETTINERI'S MOTION FOR ORDER DIRECTING THE GOVERNMENT TO PRODUCE CONFIDENTIAL INFORMANT FOR INTERVIEW AND TO PROVIDE BRADY/GIGLIO INFORMATION REGARDING INFORMANT AND INCORPORATED MEMORANDUM OF LAW

COMES NOW the Defendant, ROBERTO SETTINERI, by and through his undersigned counsel, and moves this court for the entry of its order directing the government to produce a confidential informant for an interview with undersigned counsel. The defendant also moves for an order directing the government to provide him with *Brady* and *Giglio* material regarding this informant. For grounds, the defendant avers:

1. There are two confidential informants in this case. One is Scott Rothstein. This motion is not directed to him.

JEFFREY S. WEINER, P.A.
ATTORNEYS AT LAW
TWO DATRAN CENTER•SUITE 1910•9130 SOUTH DADELAND BLVD.•MIAMI, FL 33156-7858•TELEPHONE 305.670.9919 FAX 305.670.9299

1

2. The identity of the second informant, to whom this motion *is* directed, is known to Mr. Settineri and his undersigned counsel and his identity has been identified by the prosecutor assigned to this case. As the Supreme Court stated in the seminal case of *Rovario v. United States*, 353 U.S. 53, 60, 77 S.Ct. 623, 627 (1957), "once the identity of an informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable."

3. Mr. Settineri believes that the informant can provide helpful testimony, and his undersigned counsel is prepared to advise the court *in camera* of the specifics regarding this testimony. This is a procedure that has typically been utilized by many courts. See, e.g. *United States v. Tenorio-Angel*, 756 F.2d 1505, 1509, n.7 (11th Cir. 1985) (collecting cases.)

4. It is clearly within this court's power to order the government to produce the informant for a pretrial interview with defense counsel. See, e.g. *United States v. Montgomery*, 998 F.2d 1468 (9th Cir. 1993) ("As a matter of fairness, courts have often required the government to show reasonable efforts in producing the confidential informant ... for an interview when properly requested by a defendant, such as when the defendant asserts a

plausible entrapment defense, or otherwise shows a need for the information." *Id.*, at 1473. In *Montgomery*, the court found that the government's failure to use reasonable efforts to produce confidential informant for pretrial interview violated defendant's right to due process); *United States v. Sanchez*, 429 F.3d 753 (8th Cir. 2005) (Noting that a magistrate judge had ordered the government to "disclose [the informant's] name and address to the defendant or, in the alternative, produce the informant for interview" no later than one week before trial because she was "an active participant in and witness to the events underlying the offenses charged.")

5. The informant in question lives in South Florida.

6. Mr. Settineri further seeks:

a) This court's order requiring the government to produce the informant for an interview with defense counsel within thirty days.

b) This court's order requiring the government to produce the informant at trial to testify on Mr. Settineri's behalf should his production be requested by defense counsel.

c) As noted above, this court's order requiring the government to disclose the confidential informant's prior criminal history and all facts within the government's knowledge regarding

the informant's credibility (or lack thereof), misconduct, bias, and interest in this case, under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).

WHEREFORE, the defendant prays that this court will grant him the relief requested herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record this 10th day of June, 2010.

                                              Respectfully submitted,

                                              JEFFREY S. WEINER, P.A.
                                                Attorneys at Law
                                            Two Datran Center, Suite 1910
                                            9130 South Dadeland Blvd.
                                            Miami, Florida 33156-7858
                                            305 670-9919
                                            305 670-9299 Fax

By:    */s/Jeffrey S. Weiner*
             JEFFREY S. WEINER, ESQUIRE
             Florida Bar No. 185214